IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CRAWFORD JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOMELOAN;<br>WELLS FARGO BANK, N.A.; HOME<br>EQUITY LOAN TRUST; BANK OF<br>AMERICA; and DOES I-XX,<br>INCLUSIVE,<br><br>    Defendants. | CV F 11 - 0405 AWI JLT<br><br>MEMORANDUM OPINION<br>AND ORDER ON<br>DEFENDANT'S MOTION TO<br>DISMISS AND MOTION TO<br>STRIKE AND RELATED<br>ORDERS<br><br>Doc. #'s 6 and 9 |

      This is an action to quiet title, for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and conspiracy to defraud by plaintiff Joseph Crawford Jones ("Plaintiff") against defendants Countrywide Homeloan, Wells Fargo Bank, N.A., Home Equity Loan Trust, Bank of America, and Does I-XX (collectively, "Defendants"). In the instant motion Defendants seek dismissal of Plaintiff's Fourth Amended Complaint ("4AC"). This action, which was originally filed in Kern County Superior Court, was removed to this court on March 9, 2011. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff's 4AC is short on facts. At issue in this action is property located in Bakersfield, California (the "Property"). Plaintiff alleges that on or about January 20, 2005,

he entered into a mortgage agreement with Weyerhaeuser Mortgage Company to purchase the Property. At some point in 2007, Plaintiff alleges Weyerhaeuser ceased to exist and the mortgage was assigned to Defendant Countrywide. Plaintiff alleges he tried to obtain loan modification from Countrywide beginning in October 2007; that is, about the same time as the rates on his adjustable-interest mortgage were subject to increase. Loan modification was not forthcoming. Plaintiff alleges that Defendant Countrywide foreclosed on the Property sometime in 2008.

Plaintiff's first claim for relief is a claim to quiet title as against Defendant Countrywide. There appear to be two possible grounds. First, Plaintiff alleges Defendants wrongfully foreclosed on the Property "after inducing [Plaintiff] to dismiss his bankruptcy petition." Doc. # 1-5 at 129:19-21. Second, Plaintiff alleges that Defendant Countrywide "made a deliberate and affirmative decision to deprive [Plaintiff] of critical information relating to his mortgage, namely, that Countrywide was acting as proxy for Bank of America and Wells Fargo and as such, Countrywide did not have the capacity to foreclose on the subject mortgage." Doc. # 1-5 at 159:26-160:5.

Plaintiff's second claim for relief alleges that "sometime around [September 17, 2007]" Plaintiff submitted a Qualified Written Request to Countrywide consistent with 12 U.S.C. section 2605, which state in relevant part, that Countrywide had to acknowledge the request within 20 business days and must try to resolve the issue within 60 business days." Doc. # 1-5 at 132:1-10. Countrywide did not respond.

Plaintiff's third claim for relief seeks to quiet title as to any claim by Defendant Wells Fargo, N.A. on the Property. Plaintiff's claim is based on the theory that Wells Fargo, who evidently purchased the Property at the foreclosure sale, was not "a bona fide purchaser for value" because Wells Fargo had notice of Plaintiff's asserted rights in the Property.

Plaintiff's fourth and final claim for relief alleges conspiracy to defraud against Defendants Wells Fargo and Countrywide. The court has reviewed Plaintiff's claim for

conspiracy and can find no factual allegations beyond the conclusory allegation that "Defendants, and each of them, conspired to participate in a fraudulent scheme to foreclose on Plaintiff's residence." Doc. # 1-5 at 136:13-15.  Apparently, the claim of fraud is based primarily on the allegation that Defendants agreed to not protect Plaintiff from the wrongful foreclosure of his Property.  No other factual allegations can be drawn from the 4AC.

Defendants' memorandum in support of their motion to dismiss references a number of facts not evident in the complaint that are supported by documents of which the court may take judicial notice.  The court will identify those documents where they are used to establish facts alleged by Defendants in their motion to dismiss.  Defendants allege, and provide filed documents to show, that Plaintiff executed two mortgages on January 20, 2005, both with Weyerhaeuser Mortgage Corp.  One was in the amount of $244,000 and the other was in the amount of $61,000.  Both loans were transferred to Defendant Countrywide Home Loans prior to October 2007 and both were secured by deeds of trust on the Property.  Defendants allege that Defendant stopped making payments on his loans and was in arrears by an amount greater than $18,000 as of January 2008.  A notice of default was recorded in the Kern County Official Records on January 28, 2008.

Plaintiff failed to cure the default on the loans and a Notice of Trustee's Sale was recorded on May 5, 2008, noting a total balance due of $386,581.78 on both loans.  On September 30, 2008, the Property was sold to Wells Fargo bank for $179,633.  As of the time of the trustee's sale, bankruptcy proceedings were pending pursuant to a petition that had been filed on July 16, 2008.  The July 16 bankruptcy petition was apparently the fourth that Plaintiff had filed since 2001.  The bankruptcy proceedings on the July 16 petition did not close until May 8, 2009.  Plaintiff has not make any payments on his loan since July 31, 2007.

This action was originally filed in Kern County Superior Court on November 19, 2009.  All previous amendments were made while the action was still in the Superior Court.

3

The action was removed to this court under federal question jurisdiction upon filing of the 4AC on February 11, 2011. The instant motion to dismiss was filed on March 16, 2011. As of the date of this writing, no opposition has been filed by Plaintiff. The court notes that appropriate proof of service of Defendants' motion to dismiss has been filed. A motion to strike certain portions of Plaintiff's 4AC was filed on the same date as the motion to dismiss. No opposition to the motion to strike has been received either.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

4

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

### I. Judicial Notice

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. Id. Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court. See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings). Similarly, a court may take judicial notice of a mortgage that is attached to the defendant's motion to dismiss without converting the motion to a motion for summary judgment. Lubuanan v. U.S. Bank N.A., --- F.Supp.2d ---, 2011 WL 939039 (D. Hawai'i (2001)) at *11 n.13. The court may also take judicial notice of documents, including deeds of trust and related to deeds of trust that are filed in the public record. Hensley v. Bank of New York Mellon, 2011 WL 2118810 (E.D.Cal. 2001) at * 2 n.3 (citing Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Defendants request that the court take judicial notice of Plaintiff's mortgages, deeds of trust and related documents, and of records of prior proceedings in state court that pertain to the dismissal of earlier amendments of Plaintiff's action. See Defendants' Request for

5

Judicial Notice, Doc. # 7, Filed March 16, 2011.  In particular, Defendants request judicial notice of Exhibits numbered "A," "B," "C" and "D" to Defendants' Request for Judicial Notice as these represent true copies of both the mortgage notes and Deeds of Trust associated with Plaintiff's two adjustable-rate mortgages.  Next, Defendants request the court take judicial notice of Exhibits "C," "D," "E," "F," "G" and "H" because these documents were recorded in the Kern County Official Records and are therefore public records.  Finally, Defendants request that the court take judicial notice of Exhibits "I" through "R", inclusive because these represent court documents pertaining to this action.  Exhibits "I" through "M" were filed in the Bankruptcy Court for the Eastern District of California and Exhibits "N" through "R" were filed in Kern County Superior Court.

The court has reviewed the documents listed and has determined that they may be judicially noticed for the reasons given above.  There being no objection, and good cause appearing, the court hereby grants judicial notice for Exhibits "A" through "R," inclusive, of Doc. # 7.

**II. Plaintiff's Claims to Quiet Title as to Countrywide and Wells Fargo Bank**

The first and third claims for relief set forth in Plaintiff's 4AC request declaratory relief to quiet title as to the claims of Countrywide and Wells Fargo Bank to the Property, respectively.  Defendants assert several grounds for denial of Plaintiff's claim to quiet title including; (1) Plaintiff cannot divest Defendant Wells Fargo of title to the Property because Wells Fargo was a "bona fide purchaser for value" at the trustee's sale; (2) Plaintiff lacks standing to quiet title because he has failed to allege full tender; (3) Plaintiff's contention that the beneficiary of a trust deed loses the power of sale when a mortgage is "securitized" is without merit; and (4) Plaintiff cannot quiet title based on any alleged duty to modify the loans.

The court agrees that Wells Fargo Bank did purchase the Property at the trustee's sale and that Wells Fargo is therefore the bona fide purchaser of the Property for the reasons set

forth in Defendants' motion to dismiss. See Doc. # 6 at 11:18-28 (citing Melendrez v. D & I Investment, Inc., 127 Cal.App.4th 1238, 1251 (2005). To this the court would add that, to the extent it is Plaintiff's contention that Countrywide was without authority to *foreclose* on the property because "Countrywide was acting as proxy for Bank of America and Wells Fargo," that contention is without legal or logical support.

Plaintiff does not contend that the original lender, Weyerhaeuser Mortgage, was prevented from selling the note and security agreement to Countrywide or that the transfer to Countrywide was unlawful in any way. Thus, following the sale of the promissory note and Deed of Trust to Countrywide, Plaintiff continued to be obligated by the terms of those documents to Countrywide just as he had been to Weyerhaeuser Mortgage. Pursuant to the Deed of Trust, the lender; that is, Countrywide, has the power to declare default and has the power of sale. See Exh. ""C" at ¶ 22. Because Countrywide had the power under the Deed of Trust to declare default and order the sale of the Property, and neither Wells Fargo or Bank of America had that power, it makes no sense to allege that Countrywide declared default and ordered foreclosure acting as a "proxy." Using the word "proxy" to describe the relationship between Countrywide and any other Defendant or institution is both legally and logically inaccurate. Using the word "proxy" does not transmute Countrywide's foreclosure on the Property into an unlawful act. The court concludes that Plaintiff's first and third claims for relief fail to allege any fact that would tend to render the sale of the Property by Countrywide to Wells Fargo unlawful or actionable.

Defendants also contend Plaintiff lacks standing to bring an action to quiet title because he has failed to allege tender. California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title. The tender rule applies to a quiet title action

because the claim is implicitly integrated to the foreclosure sale. <u>Kozhayev v. America's Wholesale Lender</u>, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D.Cal. Aug.2, 2010); see also <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649, 28 P.2d 673 (1934). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." <u>Gjurovich v. Cal.</u>, No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D.Cal. Oct.26, 2010).

The court finds that Plaintiff has not alleged tender of the balance due on the loans nor has he offered any reason why tender should not be required. To the extent Plaintiff's 4AC can be interpreted to allege that tender should not be required because "securitization" of the loans somehow invalidates either Wells Fargo's ownership interest or Countrywide's power to foreclose, Plaintiff has offered absolutely no legal basis for such a proposition.

While Plaintiff never explains what is meant by the word "securitization," the court presumes, *arguendo*, that "securitization involves the transferred of the promissory note by sale to an asset portfolio in some form of structured investment vehicle; for example, a collateralized debt obligation ("CDO"). A CDO is an example of the type of complex investment vehicle that was more-or-less commonplace during the time period in question. This type of investment vehicle purports to give investors an interest in the *cash flow* from the promissory notes that are the underlying assets of the CDO. Thus, the portfolio of underlying assets is the collateral and source of cash flow for the CDO security. See <u>Core Wealth Management, LLC, v. Heller</u>, 2010 WL 1453068 (Cal. App. 2 Dist. 2010) at * 2. Thus, in this example, the promissory note is sold as an asset entitling the entity creating the CDO to all future cash flows from the mortgage. It does not follow that any of the other entitlements of the lender of the Deeds of Trust, including the power to declare default, are transferred or lost because of the transfer or sale of the cash flow due from the mortgage. Plaintiff cites no authority at all for the proposition that the sale or transfer or alienation of the promissory note changes, modifies, or eliminates the power of the designated beneficiary,

8

here the lender. Given that the court can find no authority that supports Plaintiff's implicit legal proposition and can see good reason why the proffered legal proposition should be true, the court finds that the legal theory related to "securitization," to the extent it has been expressed at all, is completely without support.

The court need not address the remainder of Defendants' grounds for dismissal of Plaintiff's first and third claims for relief. Plaintiff's first and third claims for relief will be dismissed for the reasons discussed.

### III. Plaintiff's RESPA Claim

Plaintiff's 4AC alleges that "[s]ometime around [September 17, 2007] Plaintiff submitted a Qualified Written Request to Countrywide consistent with 12 U.S.C. section 2605, which states in relevant part, that Countrywide had to acknowledge the request within 20 business days and must try to resolve the issue within 60 business days. Countrywide did not respond to the request . . . ." Doc. # 1-5 at 132:1-10. Pursuant to 12 U.S.C. § 2605(e)(1)(B), a Qualified Written Request ("QWR") is a "written correspondence . . ." that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

Id.

Pursuant to 12 U.S.C. § 2614, any claim alleging violation of section 2605 must be filed within three years of the alleged violation of that section. Thus, the court lacks subject matter jurisdiction in this action over any claim for violation of section 2605 that was filed later than September 17, 2010. Defendants allege that Plaintiff's claim for RESPA violation appears for the first time in his 4AC, which was filed on February 24, 2011. The court has examined the original complaint and each of the prior amendments, which are provided as exhibits to Defendants' Notice of Removal. Doc. #1.

The original complaint is provided as Exhibit "I" to Doc. # 1-1 and was filed on

1    November 20, 2009.  The First Amended Complaint was fled on July 1, 2010, and is set forth
2    at Exh. "8" of Doc. # 1-1.  Plaintiff' Second Amended Complaint was filed on August 24,
3    20110 and is set forth at Exh. 11 of Doc. # 1-3.  Plaintiff's Third Amended Complaint was
4    filed on October 27, 2010, and is set forth at Exh. "15" of Doc. # 1-4.  As previously noted,
5    the currently-operative 4AC was fled on February 24, 2011.  The court has examined
6    Plaintiff's original complaint and each of the amendments.  While the court agrees that a
7    claim for violation of RESPA is not *formally* alleged in any of the complaints prior to the
8    4AC, the court does find that the Third Amended Complaint does set forth a claim for
9    "Accounting" which essentially alleges that Plaintiff communicated his dispute regarding the
10   history of his payments and what he owed, but received no reply from Defendants.  While
11   this claim could arguably be construed to have alleged at least the substantive requirements of
12   a RESPA claim, the court must conclude that this claim, as well as the claim alleged in
13   Plaintiff's 4AC was filed after the statute of limitations on the claim had run; in the case of
14   Plaintiff's third amended complaint, the limitations period had run about 30 days prior to the
15   filing of the claim.

16      Plaintiff has alleged no basis for tolling of the statute of limitations and no reason is
17   apparent to the court.  The court therefore concludes that it lacks subject matter jurisdiction
18   over Plaintiff's claim for violation of RESPA either as inferred by Plaintiff's Third Amended
19   Complaint or as formally pled by Plaintiff's 4AC.  The court need not determine the merits of
20   Defendants' contention that the communication that was sent by Plaintiff on or about
21   September 27, 2007, was not a QWR within the meaning of the statute.

22   **IV.  Conspiracy to Defraud**

23      Plaintiff's forth claim for relief alleges conspiracy to defraud against Defendants
24   Countrywide and Wells Fargo.  For the most part, the claim is unintelligible.  The elements of
25   common law fraud normally requires the plaintiff to prove "(a) [a] misrepresentation ...; (b)
26   knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

28                                                  10

justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). It appears the gravamen of Plaintiff's fraud claim is that the named Defendants "conspired to participate in a fraudulent scheme to foreclose on Plaintiff's residence." Doc. # 1-5 at 136:13-15. The "fraudulent scheme" is never explained. Plaintiff alleges:

> Defendants breached their duties and/or acted in a knowing or grossly negligent manner to the detriment of Plaintiff, and thus foiled a system of checks and balances consisting of the normal custom and standard in foreclosure proceedings established by statute in California. ¶ The closing of the Transaction herein would require the simultaneous failure of all such parties which Plaintiffs [sic] is informed and believes, were herein intended and so orchestrated so as to defraud Plaintiffs [sic], with the express and/or implicit knowledge and concurrence of each of the Defendants.

Doc.# 1-5 at 136:25-137:8.

Defendants contend that Plaintiff's conspiracy to defraud claim fails because Plaintiff has failed to allege any underlying tort. The court agrees. Even if the court were to diligently sift through all the allegations set forth in Plaintiff's 4AC in order to restate Plaintiff's conspiracy claim in a coherent form, the best that would emerge is the allegation that Countrywide foreclosed on Plaintiff's loans unlawfully and Wells Fargo was somehow in on it. Thus construed, Plaintiff's claim must fail because, as previously discussed, there has been no showing that the foreclosure was in any way unlawful.

The court concludes that Plaintiff's 4AC fails to state a claim for conspiracy to defraud because there is no showing of an underlying unlawful act or showing of an intent to misrepresent. Plaintiff's fourth claim for relief will therefore be dismissed.

**V. Leave to Amend**

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Plaintiff has had the benefit of four opportunities to state a viable claim for relief. While the court is aware that not each of the amendments have been adjudicated, Plaintiff has at least had in each case

11

the benefit of Defendants' motions for demurrer or for dismissal. The court must presume that Plaintiff would have alleged a set of fact sufficient to support a claim for relief by now if such facts could be alleged. The court must now conclude that further amendment would be futile. Plaintiff's action will therefore be dismissed in its entirety without leave to amend.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that:

1. Defendants' motion to dismiss Plaintiff's fourth amended complaint in its entirety is GRANTED. Plaintiff's fourth amended complaint is hereby DISMISSED in its entirety as to all Defendants. Such dismissal is WITH PREJUDICE.
2. Defendants' motion to strike is DENIED as moot.
3. Defendants' motion to dismiss Defendant Bank of America is DENIED as moot.
4. The Clerk of the Court shall ENTER JUDGMENT in favor of Defendants and shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:   June 16, 2011

CHIEF UNITED STATES DISTRICT JUDGE

12